



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Ayn B. Ducao
Assistant United States Attorney
Ayn.Ducao@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4819
MAIN: 410-209-4800
FAX: 410-962-3091

May 24, 2016

Harry J. Trainor, Jr., Esquire
Trainor Billman Bennett and Milko, LLC
116 Cathedral Street, Suite E
Annapolis, MD 21401

    Re:    *United States v. Marcell Greene*, Criminal No. JKB-15-0462

Dear Mr. Trainor:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 10, 2016, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charges him with Conspiracy to Commit Sex Trafficking of a Minor, pursuant to 18 U.S.C. § 1594 (c) and to Count Three of the Indictment which charges him with Sex Trafficking of a Minor, pursuant to 18 U.S.C. § 1591(a). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a.    <u>Conspiracy to Commit Sex Trafficking – Count One</u>

Beginning in at least February 2015, continuing through on or about April 12, 2015 in the District of Maryland and elsewhere:

        i.    The Defendant entered into the unlawful agreement charged in the Indictment, that is to commit Sex Trafficking (the elements of which are described herein).

1

      ii.      The Defendant knowingly and willfully became a member of the conspiracy.

    b.    <u>Sex Trafficking – Count Three</u>

From around February 2015 and continuing through April 12, 2015, in the District of Maryland:

      i.      The Defendant knowingly transported, recruited, enticed, harbored, provided, obtained, or maintained a person by any means;
      ii.     The Defendant knew or was in reckless disregard of the fact that the victim was under the age of eighteen or had a reasonable opportunity to observe the victim;
      iii.    The Defendant knew or was in reckless disregard of the fact that the victim would be engaged in a commercial sex act; and
      iv.    The Defendant's conduct was in or affecting interstate or foreign commerce.

Penalties

3.    a.    The maximum sentence provided by statute for the offense in Count One to which the Defendant is pleading guilty is as follows: life imprisonment, up to lifetime supervised release and a mandatory five years of supervised release, and a $250,000 fine. The maximum sentence provided by statute for the offense in Count Three to which the Defendant is pleading guilty is as follows: life imprisonment (with a ten-year mandatory minimum term of imprisonment), lifetime supervised release (with a five-year mandatory minimum term of supervised release), and a $250,000 fine. In addition, the Defendant must pay $100 as a special assessment *for each count* pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

    b.    The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

   d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

   e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

   f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the statement of the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

   g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

  h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following guidelines (except where noted):

**Conspiracy to Commit Sex Trafficking of a Minor and Sex Trafficking - Counts One and Three**

  a. Counts One and Three group. U.S.S.G. §3D1.2.

  b. The base offense level is thirty (30) pursuant to U.S.S.G. §§ 2G1.3(a)(2) and 2X1.1(a).

  c. Pursuant to U.S.S.G. § 2G1.3(b)(1)(A), this Office believes there is a two (2) level increase because the minor was in the custody, care or supervisory control of the defendant. The Defendant does not agree that this adjustment applies. (SUBTOTAL: 32 or 30).

  d. Pursuant to U.S.S.G. § 2G1.3(b)(1)(A), this Office believes there is a two (2) level increase because the defendant unduly influenced a minor to engage in prohibited sexual conduct. The Defendant does not agree that this adjustment applies. (SUBTOTAL: 34 or 30).

  e. Pursuant to U.S.S.G. § 2G1.3(b)(3)(B), there is a two (2) level increase because the offense involved the use of a computer and interactive computer service to entice, courage, offer or solicit a person to engage in prohibited sexual conduct with the minor (SUBTOTAL: 36 or 32).

      f.      Pursuant to U.S.S.G. § 2G1.3(b)(4), there is a two (2) level increase because the offense involved the commission of a sex act or sexual contact (SUBTOTAL: 38 or 34).

      g.      Thus, the adjusted offense level for Count One is **38 or 34.**

      h.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Accordingly, the final adjusted offense level is 35 or ~~29~~ 31 [handwritten annotations] MG

### Obligations of the United States Attorney's Office

7.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct. If the Defendant fully complies with all of the terms of his plea agreement, this Office will make a sentencing recommendation no greater than the bottom of the guideline range determined by the Court.

8.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

### Waiver of Appeal

9.      In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

      a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

      b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

10. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Restitution

11. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Collection of Financial Obligations

12. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

13. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

14. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office=s recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Ayn B. Ducao
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6-2-16
Date

_____
Marcell Greene

I am Marcell Greene's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/2/16
Date

_____
Harry J. Trainor, Jr., Esquire

## ATTACHMENT A - STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Marcell Greene, ("the Defendant"), age 28, is a resident of Wyandanch, New York. From around February 2015 through April 12, 2015, the Defendant conspired with co-defendant Raymond Idemudia Aigbekaen to commit sex trafficking of a minor as described herein.

On April 12, 2015, a sixteen-year-old female (hereafter "Victim") called 911 from Homewood Suites at 4170 Philadelphia Road, Bel Air, Maryland. Members of the Harford County Sheriff's Office and the Department of Social Services responded and spoke to Victim. Victim eventually advised law enforcement and workers from Child Protective Services that she had been taken to Virginia and Maryland from New York by two black men, one named Marcell Greene and another named "Raymond" who was Nigerian. Victim said that commercial sex ads of her were posted on a webpage. Victim said she engaged in oral, vaginal and anal sex with well over 100 men during the last few weeks. The person who rented the hotel room where Victim was staying at Homewood Suites was listed as "Raymond Idenudia" and law enforcement were able to identify this person as the co-defendant Raymond Idemudia Aigbekaen. The hotel manager of the Homewood Suites on duty at the time of the Victim's recovery by law enforcement identified the Defendant from a photo array as the person seen leaving the hotel with another black male who approached the Victim while she was making a 911 call in the hotel.

Items, such as tissues and used condoms, were recovered from the trash cans of the Homewood Suites hotel room used by the Defendant, the co-defendant Aigbekaen and the Victim on April 11-12, 2015. Some of these items were found to contain DNA evidence and some of this DNA evidence matches the Defendant.

Following her recovery and during subsequent interviews of Victim, the Victim provided additional details. Victim had been performing commercial sex acts while staying at various hotels in New York, Virginia and Maryland from about February 2015 through April 12, 2015. Law enforcement located additional website ads for the Victim. The Victim advised that something was thrown at her on April 12, 2015 because she refused to perform a specific sex act and law enforcement and a Child Protective Services worker observed swelling and bruising to Victim's right cheek and right temple on April 12, 2015. Victim stated that the Defendant knew her true age.

A review of records from the Pines Motor Lodge and Commack Motor Inn, located in Lyndhurst and Commack, New York respectively, between March 19, 2015 and March 24, 2015, revealed the Defendant registered and paid for the rooms at these locations. Website ads of the Victim were placed for this area of New York during this timeframe.

A witness (hereafter "Witness") who met the Victim in March 2015 via a website ad for the Silver Spring, Maryland area went to a hotel room in Silver Spring and had a "date" with the Victim. The Witness ended up leaving the hotel with the Victim when she complained about performing commercial sex acts and as both were about to leave the hotel room, the Witness saw the Defendant, whom the Witness picked out of a photo array.

Aigbekaen's laptop computer was searched. The laptop contained many "geotagged" photos of the Defendant in which the location listed for the photo linked up to the general vicinity of hotel room that were used by the Defendant, co-defendant Aigbekaen and the Victim and when the Victim was engaging in commercial sex acts. The laptop computer also contained text messages between March and May 2015 between the Defendant and Aigbekaen discussing commercial sex. Finally, historical cell site location data records reflect that the Defendant's phone was in the vicinity of certain hotels in Maryland and Virginia that were used by the Defendant, co-defendant Aigbekaen and the Victim when the Victim was engaging in commercial sex acts.

The Internet is a facility used in interstate commerce.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it.

_\[signature\]_
Marcell Greene
Defendant

I am Marcell Greene's attorney. I have carefully reviewed the statement of facts with him.

_\[signature\]_
Harry J. Trainor, Jr., Esquire